257-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
CLASSIC MARITIME INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLASSIC MARITIME INC., | *UNDER TEMPORARY SEAL* |
| Plaintiff, | 08 Civ _____ (____) |
| -against- | |
| STX PAN OCEAN (UK) CO. LTD, | VERIFIED COMPLAINT |
| Defendant. | |

Plaintiff, CLASSIC MARITIME INC. (hereinafter "CLASSIC") for its Verified Complaint against Defendant STX PAN OCEAN (UK) CO. LTD (hereinafter "STX (UK)") alleges upon information and belief as follows:

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2. At all times material hereto, Plaintiff CLASSIC was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Omega Building, 80 Kifisias Avenue, Marousi, GR 151 25, Athens, Greece.

3. At all times relevant hereto, Defendant STX (UK) was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 8th Floor, St. Magnus House, 3 Lower Thames Street, London EC3R 6HE, United Kingdom.

4. On or about April 10, 2008, Defendant STX (UK), as disponent owner[1], entered into a maritime contract of charter party with Plaintiff CLASSIC, as charterer, for the use of the M/V SHAGANG SUNRISE over a minimum period of four to maximum period of six months (plus 10 days at CLASSIC's option).

5. Under the terms of the charter, non-party Classic Shipholding Inc., Plaintiff CLASSIC's parent corporation, was required to provide a letter guaranteeing the due performance of the charter by CLASSIC. The wording of letter of guarantee was provided by the charter and incorporated into its terms. As part of the guarantee Classic Shipholding Inc. was required to attest that it owns three capsizes: the M/V VENTURA, the M/V POMPANO and the M/V FERNANDINA.

6. In addition, Plaintiff CLASSIC was required to pay hire in the amount of $139,000 per day in advance every 15 days.

7. Plaintiff, CLASSIC duly provided Defendant STX (UK) with a letter of guarantee issued by Classic Shipholding Inc. in the form and wording required by the charter and executed by Classic Shipholding Inc.'s attorney-in-fact for and on its behalf.

8. Defendant STX (UK) rejected the letter since it was executed for and on behalf of Classic Shipholding Inc. instead of directly by Classic Shipholding Inc. and requested that

---

[1] STX (UK) is not the registered owner of the vessel, but instead chartered it from another entity.

Plaintiff CLASSIC tender documentary proof that Classic Shipholding Inc. owned the M/V VENTURA, the M/V POMPANO and the M/V FERNANDINA.

9. Providing such documentary proof of ownership was not among CLASSIC's obligations under the charter.

10. Nevertheless, to avoid delaying the delivery of the M/V SHAGANG SURPRISE into the service of Plaintiff, CLASSIC provided Defendant STX (UK) with a revised letter of guarantee executed by Mr. Joseph Cefai, who is the President and Treasurer of Classic Shipholding Inc. and a director of Classic Shipholding Inc.'s sole director and secretary, Mare Services Limited of Malta. Plaintiff CLASSIC further provided Defendant STX (UK) with a diagram showing that each of the M/V VENURA, the M/V POMPANO and the M/V FERDANDINA was and is owned by a single purpose company, each of which was and is a wholly-owned subsidiary of Classic Shipholding Inc. Despite being under no obligation to do so, Plaintiff CLASSIC also provided Defendant STX (UK) with letters of guarantee from each of the three single purposes companies referred to above, based on the agreed wording for the Classic Shipholding Inc. letter of guarantee with logical amendments, and executed by Mr. Joseph Cefai (who holds the same positions within the three single purpose companies as he does within Classic Shipholding Inc. and who is also a director of those companies' sole director and secretary, Mare Service Limited). Plaintiff CLASSIC further provided Defendant STX (UK) with notarized and apostilled confirmation of the roles of Mr. Cefai and Mare Services Limited within Classic Shipholding Inc. and the three single purpose companies, and with board resolutions from Classic Shipholding Inc. and the three single purposes companies, authorizing the execution of the letters of guarantee.

11. The M/V SHAGANG SURPRISE was delivered to Plaintiff CLASSIC under the charter on April 27, 2008. On April 28, 2008, Defendant STX (UK) issued a hire invoice requesting advance payment of hire in the amount of $3,196,737.50 to cover the first 15 days of the charter.

12. On April 29, 2008, Plaintiff CLASSIC transferred $3,196,737.50 to Defendant STX (UK)'s bank account in London.

13. Notwithstanding CLASSIC's efforts to accommodate STX (UK)'s demands as aforesaid, on May 1, 2008, STX (UK) wrongfully terminated the charter in breach of its terms.

14. As a result of Defendant STX (UK)'s improper refusal to deliver the vessel, Plaintiff CLASSIC will be required to charter a substitute vessel. At this time, the daily hire rate for a capsize vessel such as the SHAGANAG SUNRISE is approximately $165,000 per day.

15. Thus, as a result of the breach of the charter by Defendant STX (UK), Plaintiff CLASSIC has been damaged in the sum of $4,940,000 (i.e., the difference between the market hire rate of $165,000 per day and the hire rate of the terminated charter of $139,000 per day = $26,000 per day times 190 days (i.e., six months plus 10 days), no part of which has been paid by Defendant STX (UK) despite due demand.

16. In further breach of the charter, despite due demand Defendant STX (UK) has failed and refused to reimburse Plaintiff CLASSIC in full for the $3,196,737.50 charter hire which CLASSIC paid in advance and which Defendant STX (UK) is not entitled to retain. STX (UK) has indicated in correspondence that it will remit to CLASSIC the sum of $2,507,056.72, but it purports to be entitled to retain the balance of $689,680.78.

17. Plaintiff CLASSIC has fully performed all of its obligations under the charter.

18. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and CLASSIC specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has or will soon be commenced.

19. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff CLASSIC's claims made or to be made in the London arbitration under English law, as agreed by the parties.

20. As a regular feature of English Law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

21. Plaintiff CLASSIC estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting its claims in London arbitration will be $400,000. Interest anticipated to be awarded is estimated to be $1,302,929.41 (calculated at the rate of 7% per annum compounded quarterly for a period of three year on the principle claim of $5,629,680.78, the estimated time for completion of the proceedings in London).

22. In all, the claim for which Plaintiff CLASSIC sues in this action, as near as presently may be estimated, totals **$7,332,610.19**, no part of which has been paid by Defendant STX (UK), despite due demand. Plaintiff CLASSIC specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure CLASSIC.

**Request for Rule B Relief**

23. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have,

assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant STX PAN OCEAN (UK) CO. LTD (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

24.   The total amount sought to be attached pursuant to the above is **$7,332,610.19**.

WHEREFORE, Plaintiff CLASSIC MARITIME INC. prays:

a.   That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.   That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$7,332,610.19** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant STX PAN OCEAN (UK) CO. LTD, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London arbitral proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       May 12, 2008

                           FREEHILL HOGAN & MAHAR, LLP
                           Attorneys for Plaintiff
                           CLASSIC MARITIME INC.

By: _____
     Michael E. Unger (MU 0045)
     80 Pine Street
     New York, NY 10005
     (212) 425-1900
     (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York        )
                         ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
12th day of May 2008

_____
Notary Public

Lisa M. Morales
Notary Public, State of New York
No. 01MO6162004
Qualified in the Bronx
Commission Expires Feb. 26, 2011