257-08/MEU/SL
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
CLASSIC MARITIME INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CLASSIC MARITIME INC.,

          Plaintiff,

  -against-

STX PAN OCEAN (UK) CO. LTD,

          Defendant.
-----------------------------------------------------------------x

*UNDER TEMPORARY SEAL*

08 CV _____ ( )

LEE AFFIDAVIT PURSUANT TO RULE B(1) AND IN SUPPORT OF ORDER APPOINTING PERSON TO SERVE PROCESS PURSUANT TO RULE 4(c) AND SCOPE OF SERVICE

State of New York )
        ) ss.:
County of New York )

  SUSAN LEE, being duly sworn, deposes and says as follows:

  1. I am a candidate for membership of the Bar of the United States District Court, Southern District of New York, with pending admission to practice before this Court and I am associated with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

  2. This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-4, below) and in support of Plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 5-9, below).

NYDOCS1/304499.1

## **DEFENDANT IS NOT FOUND WITHIN THE SDNY**

3.  Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant STX PAN OCEAN (UK) CO. LTD (hereinafter "Defendant") is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on May 12, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that Defendant is not a New York corporation, nor licensed, authorized or registered to do business in the State of New York as either domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on May 12, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2008 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for the Defendant. A listing was located for non-party STX Pan Ocean Co., the parent corporation of Defendant, which referenced the listing of non-party Panobulk American Inc., a wholly-owned subsidiary of and agent for non-party STX Pan Ocean Co., with an address at 201 Route 17 North, 6th Floor, Rutherford, New Jersey 07070 and a telephone number in the "201" area code.

NYDOCS1/304499.1

(d)     Deponent accessed on May 12, 2008, through Microsoft Internet Explorer and Yahoo! Search engines the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

(e)     Deponent is unaware of any general or managing agent(s) within this District for the Defendant;

(f)     Deponent located and reviewed the website of non-party STX Pan Ocean Co., Ltd., Defendant's parent corporation, and found no evidence that Defendant has an office in this District or is otherwise doing business in the District.  The website did indicate that non-party Panobulk American Inc., a wholly-owned subsidiary of and exclusive agent for non-party STX Pan Ocean Co., Ltd., did maintain an office New Jersey (said to be headquartered in the "New York area") with an address at 201 Route 17 North, 3rd Floor, Rutherford, New Jersey 07070 and phone number in the "201" area code.

4.     Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

### REQUEST FOR ORDER APPOINTING SPECIAL PROCESS SERVER

5.     Plaintiff also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing myself, Lawrence Kahn, Barbara Carnevale, Pamela Shultz, Justin Nastro, Daniel Fitzgerald, Michael Elliot, Jan Gisholt, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan &

Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

6. Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendant.

7. To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

8. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

9. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiff respectfully seeks leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served and up through the end of the next business day, providing service is made the next business day, and authorizing service by facsimile or email following an initial service of the process by hand, and to deem such facsimile or email service as being

accomplished within this District if such service is transmitted or initiated from within the District.

_____
SUSAN LEE

Sworn to before me this
12th day of May, 2008

_____
Notary Public

Lisa M. Morales
Notary Public, State of New York
No. 01MO6162004
Qualified in the Bronx
Commission Expires Feb. 26, 2011

NYDOCS1/304499.1